JS 44  (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Family Pharmacy, LLC

**DEFENDANTS** Goodman, Stewart, Manhattan Life Assurance Company, Ads for Academics, Inc.

**(b)** County of Residence of First Listed Plaintiff   Clarke County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery Cty, Md.
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)* Attachment,

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | | ☒ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☒ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Relations | ☐ 864 SSID Title XVI | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | ☐ 751 Family and Medical | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Leave Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | Income Security Act | or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 221

Brief description of cause:
Violation of the Telephone Consumer Protection Act

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   7/23/20

SIGNATURE OF ATTORNEY OF RECORD   *Matt Curnell*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# ATTACHMENT

Attorneys for Plaintiff Family Pharmacy, LLC

James McFerrin
McFerrin Law Firm
3117 Manitou Lane
Birmingham, AL 35216
Telephone:  205-637-7111

Matt Carroll
Johnstone Carroll, LLC
2204 Lakeshore Drive, Suite 303
Homewood, AL 35209
Telephone:  205-783-1577

## IN THE U.S. DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | | |
|---|---|---|
| **FAMILY MEDICINE PHARMACY, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | |
| | ) | _____ |
| | ) | |
| **STEWART GOODMAN, MANHATTANLIFE ASSURANCE COMPANY Of AMERICA, AND ADS FOR ACADEMICS, INC.** | ) ) ) ) ) | |
| **Defendants.** | ) | **JURY DEMAND** |
| | ) | |
| | ) | |

## CLASS ACTION COMPLAINT

**COMES NOW,** Family Medicine Pharmacy (hereinafter "Plaintiff" or "Family") and files this class action against Stewart Goodman, ManhattanLife Assurance Company of America, and Ads for Academics, Inc. (hereinafter "Defendants"), seeking damages and injunctive relief pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 221, as amended by the Junk Fax Prevention Act of 2005 (hereinafter "the Act"), and allege the following:

## I. PARTIES

1.      Plaintiff Family is a limited liability company organized and validly existing under the laws of Alabama, receives facsimiles (faxes) via its fax machine, and is located in Clarke County, Alabama.

2.      Defendant Stewart Goodman ("Goodman") is a resident of the state of Maryland, is a licensed agent for ManhattanLife Assurance Company of America, and is engaged in the sale of insurance policies in the United States.  Goodman is licensed to sell insurance in the State of Alabama by the Alabama Department of Insurance.  Defendant Goodman sent a fax to Plaintiff advertising insurance.

3.      Defendant    ManhattanLife    Assurance    Company    of    America ("ManhattanLife") is a foreign corporation doing business in the State of Alabama, is engaged in the sale of insurance policies in the United States, and sent a fax to Plaintiff advertising its insurance.

4.      On information and belief, Ads for Academics, Inc. is a company that previously existed under the laws of the State of Delaware.

## II. JURISDICTION AND VENUE

5.      This Honorable Court has jurisdiction over the subject matter of the federal claims asserted herein pursuant to 28 U.S.C. §1331 (federal question), and pursuant to the Act.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the claim occurred in this District.

7.  Defendants have purposely availed itself of this Honorable Court by conducting activities in this forum - namely sending unsolicited faxes to Plaintiff and to putative class members.

### III.   LEGAL BACKGROUND

8.     In 2005, the Junk Fax Prevention Act was signed into law, and served to amend the Telephone Consumer Protection Act of 1991, to prohibit fax transmissions containing unsolicited advertisements.

9.     Specifically, the Act makes it unlawful for Defendant to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

10.     An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. §227(a)(5).

11.     In 2006, the Federal Communications Commission implemented regulations defining the "sender" of a fax to be anyone on whose behalf a fax as

sent.  *See Arkin v. Innocutis Holdings, LLC*, 188 F.SUpp.3d 1304, 1309-1310 (M.D. Fla. 2016).  This is a strict liability standard.  *Id.*

12.  The Act provides a private right of action to enforce its provisions.  47 U.S.C. §227(b)(3).

## IV. FACTUAL ALLEGATIONS

13.  This case arises out of an attempt to promote and sell non-standard or Short-Term Limited Duration Health Insurance ("STLDI") policies through unlawful "fax blasting."  Such policies provide substantially fewer benefits than standard "Obamacare" insurance policies offered pursuant to the Affordable Care Act ("ACA").

14.  At the same time, the providers of these STLDI policies are still able to charge significant premiums because the average consumer does not understand the significant differences between STLDI policies and full coverage ACA-compliant insurance.

15.  This makes the STLDI insurance business very profitable to the providers and sellers of these policies but often leave the customer with devastating medical bills.

16.  As a recent congressional investigation concluded, insurance companies offering STLDI policies frequently use improper and deceptive tactics to market these substandard policies and obtain outsized profits.  *See Short-*

*Changed: How the Trump Administration's Expansion of Junk Short-Term Health Insurance Plans is Putting Americans at Risk,* Staff Report to the Committee on Energy and Commerce, June 2020, available at https://energycommerce.house.gov/newsroom/press-releases/ec-investigation-finds-millions-of-americans-enrolled-in-junk-health.

17.    In this case, Defendants are jointly engaged in a scheme to utilize unlawful "fax blasting" to market their non-standard short-term health care indemnity policies to unsuspecting consumers.

18.    Defendant Stewart Goodman is a licensed insurance agent residing in the State of Maryland.

19.    According to the Alabama Department of Insurance, Goodman is licensed to sell health insurance policies on behalf of ManhattanLife Assurance Company in Alabama.    Ex. A.    [Alabama State Bureau of Insurance license information for Stewart Goodman].

20.    Goodman became licensed to sell ManhattanLife policies in Alabama on June 22, 2020.  Ex. A.

21.    In his application, Goodman identified his Ads for Academics, Inc. as his designated responsible licensed producer.

5

22.    The District of Columbia's corporation records do not reflect that any corporation named "Ads for Academics, Inc." exists or is licensed to do business in the District.

23.    Instead, on information and belief, Goodman identified "Ads for Academics, Inc." as his designated responsible licensed producer as a sham to fraudulently satisfy Alabama's licensing requirements pursuant to his unlawful marketing scheme with and on behalf of ManhattanLife Assurance Company.

24.    ManhattanLife Assurance Company of America is a Houston, Texas-based insurance company that sells STLDI policies.

25.    Defendants' "fax blasting" activities include the transmission of thousands of unsolicited facsimiles throughout the country, including to telephone facsimile machines located in the State of Alabama, in an intentional and persistent course of conduct, to Plaintiff and the putative class members.

26.    Said activities, directed to Plaintiff's facsimile machines and other facsimile machines nationally, have violated certain provisions of the TCPA.

27.    On February 14, 2020, for example, Defendants faxed an advertisement to Plaintiff, annexed hereto as Exhibit B, advertising health insurance without an established business relationship with Plaintiff.    Ex. B [February 14, 2020 fax from BetterPlans.Net to Family Pharmacy].

28.     On April 23, 2020, Defendants faxed a second advertisement to Plaintiff, annexed hereto as Exhibit C, advertising health insurance without an established business relationship with Plaintiff.  Ex. C [April 23, 2020 fax from Betterplans.net to Family Pharmacy].

29.     On June 2, 2020, Defendants faxed a third advertisement to Plaintiff, annexed hereto as Exhibit D, advertising health insurance without an established business relationship.  Ex. D [June 2, 2020 fax from Betterplans.net to Family Pharamacy].

30.     The faxes sent by Defendants refer recipients to a website for "BetterPlans.Net."

31.     The BetterPlans.net website at https://betterplans.net/ identifies Better Plans, Inc. as a "National Agency providing Health Insurance and Financial Services for the Self-Employed, Individual and Family," with its principal office in the District of Columbia. *See* https://betterplans.net/who-we-are/.

32.     According to the District of Columbia's Department of Consumer and Regulatory Affairs, there is no corporation called Better Plans, Inc. existing or authorized to sell insurance in District of Columbia.

33.     According to the Alabama Department of Insurance, there is no company called Better Plans, Inc licensed to sell insurance in Alabama.

34.    On information and belief, Defendants maintain and support the deceptive "BetterPlans.net" website to help conceal their identities as the actual parties behind the unlawful BetterPlans.net marketing faxes.

35.    On or about June 15, 2020, witness Shannon ("Shannon") called the telephone number provided on the BetterPlans.net fax to Family (1-800-714-1802) in an attempt to identify the persons or entities behind the unlawful faxes. Exs. B, C, and D.

36.    The next day, June 16, 2020, the purported "BetterPlans.Net" representative emailed Shannon with an acknowledgement that she would be insured by a health indemnity policy with ManhattanLife Assurance Company.

37.    On or about June 22, 2020, Defendants mailed Shannon a package containing an identification card for Manhattan Life and correspondence indicating that ManhattanLife had issued Shannon an STLDI policy.    The correspondence identifies Goodman as the agent for that policy.    Ex. E [June 22, 2020 letter from ManhattanLife to Shannon].[1]

38.    Notwithstanding the deliberate concealment of their identities on the unlawful faxes by use of the "Betterplans.net" alias, Goodman and ManhattanLife

---

[1] Shannon's last name and other identifying information have been redacted from all exhibits referencing her for privacy reasons.  That information will be provided to Defendants' counsel upon request.

are the senders of the "BetterPlans.net" faxes within the meaning of 47 C.F.R. 64.1200(f)(10). *See Scoma Chiropractic, P.A.*, 232 F.Supp.3d at 1205.

39.    In the alternative, Goodman sent the faxes on behalf of ManhattanLife. Goodman became licensed to sell ManhattanLife insurance in Alabama on June 22, 2020, the same day that ManhattanLife issued the policy to Shannon, an Alabama resident, based on her call to the number on the Betterplans.net fax. Goodman intended to promote ManhattanLife through the faxes notwithstanding the Defendants' concealment of their role on the face of the faxes. *See* Ex. A; *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245 (11th Cir. 2015) (applying pre-2006 definition of "sender").

40.    As a result of Defendants' unlawful issuance of facsimiles to Plaintiff and putative class members, Plaintiff and putative class members have suffered actual damages, in addition to statutory damages, as the conduct has intruded upon and occupied the capacity of their facsimile machines, depriving them of use of said machines, and forcing them to unnecessarily expend funds for paper and ink.

### V. PLAINTIFF'S CLASS ALLEGATIONS

41.    Plaintiff brings this action pursuant to Fed.R.Civ.P. 23(b)(2) and (b)(3) on behalf of itself and a Class of similarly situated individuals, defined as follows:

Any and all individuals and entities, who or which, from 2016 to the present, received one or more unsolicited advertisements via facsimile from defendants(s).

42.    The members of the Class are so numerous that joinder of all members is impracticable.

43.    As of this time, the exact number in the Class is unknown but, according to information and belief, there would be more than one thousand.

44.    The Plaintiff's treatment by the Defendants is typical of the members of the Class. Specifically, the Plaintiff is a recipient of unsolicited advertisements from the Defendants.

45.    The Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel who are competent and experienced in class litigation. The Plaintiff has no interests that are adverse or antagonistic to the Class.

46.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Since the statutory damages suffered by many Class members may be small (namely $500 per occurrence), the expense and burden of individual litigation makes it virtually impossible for the Class members individually to seek redress for the wrongful conduct alleged. The Act's intent to penalize abusive practices via telemarketing and unsolicited "junk

faxing", as documented in the legislative record, is realized through the class action mechanism in this matter.

47.    Common questions of law or fact exist as to all members of the Class, and predominate over any questions that only affect individual members of the Class. Among the questions of law or fact common to the Class are:

a.    Whether Defendants is in violation of the Act?

b.    Whether Class members were recipients of unsolicited advertisements via facsimile?

c.    Whether said facsimiles failed to provide the required opt-out notice?

48.    The Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

49.    Notice can be provided to the Class members via First Class U. S. mail, notice by publication, e-mail notice, or other appropriate means as may be directed by the Court.

## COUNT I
## DEFENDANT'S VIOLATION OF THE
## THE ACT- UNSOLICITED FACSIMILES

50.    The Act makes it unlawful for Defendants to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

51.    Defendant did not have an Established Business Relationship, as that term is defined by the Federal Communications Commission or in Act, with Plaintiff. A true and correct copies of the Unsolicited Facsimiles received by Plaintiff are annexed hereto, and incorporated herein, as Exhibits B, C, and D.

52.    Said transmission of the Unsolicited Facsimiles, as provided for in Exhibit B, C, and D were made without the consent of the Plaintiff, and according to information and belief, without the assent of the putative class members.

53.    According to information and belief, Defendants' facsimile machines, computers, and other devices are utilized to send unsolicited and unauthorized promotions to putative class members across the United States to secure leads for future business within the United States, including within the State of Alabama.

54.    As a result of said conduct, Plaintiff and putative class members are entitled to statutory damages for each TCPA violation pursuant to 47 U.S.C-§227(b)(3).

55.    Defendant's actions, and/or those of their agents, have shown that Defendant(s) willfully or knowingly violated the TCPA. As such, Plaintiff and putative class members are entitled to treble statutory damages pursuant to 47 U.S.C. §227(3)(c). Plaintiff and putative class members are also entitled to the creation of a Defendant-funded and Court-supervised, whether by the Court or a

master appointed thereby, monitoring and compliance mechanism to ensure Defendants' compliance with the Act.

## COUNT II
## DECLARATORY JUDGMENT

56.    Defendants have engaged in the practice of sending or causing to be sent unsolicited advertisements via telephone facsimile machine, computer, or other device to a telephone facsimile machine owned and controlled by Plaintiff and others similarly situated.

57.    There is a substantial and continuing controversy between Defendants and Plaintiff, and all others similarly situated, and a declaration of rights is both necessary and appropriate as to whether or not Defendant's faxes violate the Telephone Consumer Protection Act, and regulations and rules enacted thereunder.

## COUNT III

## INJUNCTION

58.    Defendants' practice of sending, or causing to be sent, unsolicited advertisements via telephone facsimile machine, computer, or other device to a telephone facsimile machine, computer, or other device owned and controlled by Plaintiff, and other similarly situated individuals and/or entities, will continue to cause Plaintiff and others similarly situated to be damaged by causing the computer, facsimile machine, or other device to be rendered unavailable for

legitimate business messages or facsimiles, to cause Plaintiff and others similarly situated to waste time reviewing Defendants' unsolicited advertisement, as well as wasting materials of Plaintiff and others similarly situated, such that final injunctive relief prohibiting Defendants' practice of sending, or causing to be sent, unsolicited advertisements is appropriate.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully prays that this Honorable Court will take jurisdiction of this cause and upon the final hearing:

A. Certify this matter as a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure;

B. Declare that the Defendants' practice of sending unsolicited facsimiles to telephone facsimiles nationwide is in violation of the Act;

C. Award to the Plaintiff and putative class members damages under the Act, or other such applicable laws;

D. Award to the Plaintiff and putative class members the cost of this matter, including reasonable attorneys' fee;

E. Issue a permanent injunction enjoining the Defendants from sending facsimiles in a nature which is violative of the Act; and

F. Award to the Plaintiff and the putative class members such other, further and more general relief, as the Court may deem appropriate under these circumstances.

Respectfully submitted this the 23rd day of July, 2020.

Respectfully submitted,

*/s/ James McFerrin*
One of the Attorneys for Plaintiff,
Family Pharmacy.

**OF COUNSEL:**
JAMES MCFERRIN
MCFERRIN LAW FIRM, LLC
3117 Manitou Lane
Birmingham, AL 35216
Telephone: 205-637-7111

*/s/ Matt Carroll*
One of the Attorneys for Plaintiff,
Family Pharmacy.

Matt Carroll
JOHNSTONE CARROLL LLC
2204 Lakeshore Drive, Suite 303
Homewood, Alabama 35209
Telephone:  205-383-1372

## JURY DEMAND

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY FOR ALL CLAIMS SO
TRIABLE.

*/s/ Matt Carroll*
One of the Attorneys for Plaintiffs