**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| FAMILY MEDICINE PHARMACY, LLC, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) CIV. ACT. NO. 1:20-cv-369-TFM-MU |
| STEWART GOODMAN, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

In this putative class action, Plaintiff Family Medicine Pharmacy, LLC ("Family Medicine") alleges that Defendant Stewart Goodman ("Goodman") and others are liable for sending unsolicited facsimile ("fax") transmissions to Family Medicine's place of business in violation of Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The case now comes before the Court on *Defendant, Mark Gehrmann's Motion to Dismiss Counts II and III of the Plaintiff's First Amended Complaint* (Doc. 71, filed April 22, 2022) and *Defendant, Meridian Marketing Group, Inc.'s Motion to Dismiss Counts II and III of the Plaintiff's First Amended Complaint* (Doc. 73, filed April 22, 2022). Both motions are opposed by Plaintiff Family Medicine Pharmacy, LLC (Doc. 77, filed May 16, 2022) and further supplemented by Defendants Mark Gehrmann ("Gehrmann") and Marketing Group, Inc. ("Meridian") with their consolidated reply (Doc. 78, filed May 23, 2022). After the Court set a hearing, Defendants filed a joint *Motion to Set Aside Order Setting Hearing and Consent to Jurisdiction* (Doc. 86, filed June 16, 2022). For the reasons discussed below, the motions (Docs. 71, 73) are **DENIED**.

## I. JURISDICTION AND VENUE

The action arises under the Telephone Consumer Protection Act, 47 U.S.C.A. § 227, *et seq*. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1331. Personal jurisdiction was raised in the subject motions, but ultimately waived. Venue is not contested and adequate evidence supports venue in the Southern District of Alabama.

## II. STANDARD OF REVIEW

To overcome a motion to dismiss for lack of personal jurisdiction, the plaintiff must ultimately show the existence of personal jurisdiction by a preponderance of the evidence. *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364 (11th Cir. 2021). The district court "can impose the preponderance-of-the-evidence standard right away, during the pre-trial phase, by conducting an evidentiary hearing right away" or, alternatively, "the district court can wait to impose a preponderance-of-the-evidence standard until trial." *Id.*; *see also* Fed. R. Civ. P. 12(i) (providing that, "if a party so moves," motions under Rule 12(b)(2) "must be heard and decided before trial unless the court orders a deferral until trial").

Where the court does not hold a hearing on the initial motion to dismiss and instead defers the hearing on the motion to dismiss until trial, the court decides the motion based solely on the complaint and affidavits. *AcryliCon*, 985 F.3d at 1364. In such instances, the plaintiff need only establish a prima facie case of jurisdiction over the non-resident defendant. *Id.* at 1364-64; *Xena Invs., Ltd. v. Magnum Fund Mgmt. Ltd.*, 726 F.3d 1278, 1283 (11th Cir. 2013); *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990). A prima facie case is established if it is sufficient to withstand a motion for directed verdict or motion for judgment as a matter of law. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006) (citing *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364 (11th Cir. 2021)); *Madara*, 916 F.2d

at 1514.  "The burden for overcoming a motion for judgment as a matter of law is the same as that for overcoming a motion for summary judgment; legally sufficient evidence must exist to create a genuine issue of material fact." *S. Alabama Pigs, LLC v. Farmer Feeders, Inc.*, 305 F. Supp. 2d 1252, 1257 (M.D. Ala. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) and *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987)).

"Whether the plaintiff satisfies the prima facie requirement is a purely legal question; the district court does not weigh evidence or make credibility determinations." *AcryliCon*, 985 F.3d at 1364-65.  A plaintiff seeking to establish personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)).  The court takes all uncontested allegations in the complaint as true.  *Id.* at 1364; *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010); *S. Alabama Pigs*, 305 F. Supp. 2d at 1257.  When the defendant submits nonconclusory affidavits that controvert the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting the existence of personal jurisdiction. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013); *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). When the plaintiff's complaint and supporting evidence conflict with the defendant's nonconclusory affidavits, the court must construe all reasonable inferences in favor of the plaintiff. *AcryliCon*, 985 F.3d at 1364; *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010); *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *S. Alabama Pigs*, 305 F. Supp. 2d at 1257.

### III.  FACTUAL AND PROCEDURAL BACKGROUND

On July 23, 2020, Family Medicine filed this putative class action against Defendants Goodman and Ads for Academics, Inc. ("Ads for Academics").[1] *See* Doc. 1. Family Medicine is an Alabama limited liability corporation with its place of business (and its fax machine) physically located in Clarke County, Alabama, which is in the Southern District of Alabama. *Id.* at 4. Goodman is a licensed insurance agent and a resident of Maryland. *See* Doc. 19-1. Ads for Academics is a Delaware corporation. *See* Doc. 16 at 3.

In the initial complaint, Family Medicine alleges in the first half of 2020, Goodman and Ads for Academics faxed three unsolicited advertisements to Family Medicine without already having an established business relationship with Family Medicine in violation of 47 U.S.C. § 227(b)(1)(C). *See* Doc. 1 at 6-7. These faxes advertised "SIMPLY SMARTER HEALTH INSURANCE," with "TOP COMPANIES REPRESENTED," listing the names and logos of health insurance companies and a chart of "sample monthly rates" for various age groups and familial configurations. Doc. 1-2. The faxes included a website and phone number for those interested in obtaining health insurance. *Id.* According to the complaint, the BetterPlans.Net website listed on the faxes identifies Better Plans Inc. as a "National Agency providing Health Insurance and Financial Services for the Self-Employed, Individual, and Family," with its principal office in the District of Columbia. *See* Doc. 1 at 9.

However, no corporation named Better Plans, Inc. exists or is authorized to sell insurance in the District of Columbia. *Id.* The initial complaint alleges Defendants, including Goodman,

---

[1] Family Medicine also listed Manhattan Life Assurance Company of America as a defendant. Per the parties' settlement agreement, Family Medicine moved to dismiss its claims against Manhattan Life on October 29, 2020, which this Court granted on January 14, 2021. *See* Docs. 22, 25.

maintain the BetterPlans.net website as a front to conceal their true identities as the actual parties behind the unlawful BetterPlans.net marketing faxes. *Id*. at 10. Goodman's affidavit does not deny the allegation. *See* Doc. 19-1.[2]

On June 15, 2020, an individual named Shannon Tyndall called the 800 number listed on the faxes to identify who was behind the faxes. *See* Doc. 1 at 18. Tyndall's uncontradicted affidavit states the person who accepted her call "identified themselves as a representative of Better Plans Insurance Agency." *See* Doc. 23-2 at 2. From that discussion, the BetterPlans representative sent Tyndall an email from via an electronic document signature website containing an acknowledgement that Tyndall would be provided a Manhattan Life insurance policy. *Id*. at 2, 7-9. The "reply-to" address provided on that email was "'Insurance services' <fax@betterplans.net>." *Id*. at 7.

On June 22, 2020, Goodman was licensed by the Alabama Department of Insurance to sell "Accident & Health or Sickness" insurance policies from Manhattan Life. *See* Doc. 1-1. On the same day, Manhattan Life sent Tyndall a letter enclosing a copy of her new Manhattan Life policy, advising her to log in and set up an account on Manhattan Life's Website, and inviting her to "call your agent STEWART GOODMAN or our Customer Service Center at 1-800-[number redacted]" if she had difficulty logging on to the website or if she needed any additional information. *See* Doc. 1-5.

Family Medicine amended its complaint on February 17, 2022, adding Defendants Gehrmann[3] and Meridian. *See* Doc. 56. Family Medicine alleges that both Ads for Academics

---

[2] Goodman filed a motion to dismiss for lack of personal jurisdiction on October 23, 2020. *See* Doc. 18. This Court denied that motion, finding that Family Medicine had established a prima facie showing of personal jurisdiction over Goodman. *See* Doc. 26 at 19.

[3] Mark Gehrmann changed his name from Mark Stopchinski in October 2016. Doc. 71-1 at ¶ 3.

and Meridian serve as the alter ego of Gehrmann, who they allege is behind the fax-blasting scheme. *Id.* at 2-3. Plaintiff submitted an interrogatory by Ads for Academics confirming that Ads for Academics has no employees, other members, or other partners besides Gehrmann. *See* Doc. 77-4 at 3. Defendants admit only that Gehrmann is the owner of both. *See id.* at ¶¶ 41, 43; Doc. 72 at ¶¶ 41, 43.

In the amended complaint, Family Medicine also alleges that Gehrmann has fraudulently conveyed "substantially all" of Ads for Academics's assets to Meridian to defeat a potential future judgment against Ads for Academics in this action. Doc. 56 at 3-4. From September 27, 2019 to July 10, 2020, Plaintiff alleges that Ads for Academics made eight transfers to Meridian in amounts ranging from $15,000 to $50,000, totaling $235,000. *Id.* at ¶ 78. Family Medicine filed the initial complaint on July 23, 2020. Thereafter, from August 5, 2020 to October 7, 2021, Plaintiff alleges that Ads for Academics made six more transfers to Meridian in amounts ranging from $80,000 to $300,000, totaling over $1,059,000. *Id.* Counsel for Ads for Academics on September 25, 2020 claimed that Ads for Academics "is a company of limited means and possesses no significant assets[,]" but Plaintiff alleges then Ads for Academics had approximately $271,903 in its account and was receiving approximately $83,000 a month from insurance commissions. *See* Doc. 56-6; Doc. 56 at ¶¶ 74-75. Furthermore, Plaintiff alleges that Meridian (i.e., they claim, Gehrmann) received these transfers "with knowledge of this action and with the intent to hinder, delay, and/or avoid the claims of Plaintiff and the class[.]" *Id.* at ¶ 90.

To support their motions to dismiss, Defendants provide an affidavit signed by Gehrmann that states in relevant part that though he is the owner of both Ads for Academics and Meridian, he has "never been physically present in Alabama[,]" does not "personally conduct any business in the state of Alabama[,]" and that "[a]ny banking transactions described in the Complaint" for

either Ads for Academics or Meridian "took place either in-person . . . in Virginia, or electronically when [he] was outside the state of Alabama." Doc. 71-1 at ¶¶ 5, 16, 18, 22.

Plaintiff notes that Defendant does not deny the allegations that the transfers were "an intentional attempt to frustrate any judgment in this case." Doc. 77 at 3. Plaintiff has also produced evidence purporting to demonstrate both the fact that Gehrmann knew he was "operating an unlawful blast fax scheme" and a "pattern and practice of closing down one corporate shell as soon as it gets caught conducting his blast fax scheme and moving his scheme over to another of his successive corporate entities to continue the scheme." *Id.* at ¶¶ 5, 9-16.

Crucially, Defendants consent to personal jurisdiction in their joint *Motion to Set Aside Order Setting Hearing and Consent to Jurisdiction* (Doc. 86) "as it pertains to the claims asserted in the Amended Complaint." The Court granted that motion and cancelled the scheduled evidentiary hearing for June 21, 2022. Doc. 87. However, Defendants' motions to dismiss remain as they did not formally withdraw the motion.[4]

## IV. DISCUSSION AND ANALYSIS

To overcome a motion to dismiss for lack of personal jurisdiction, "the plaintiff must establish that personal jurisdiction over the defendant comports" with two requirements: "(1) the forum State's long-arm statute and (2) the requirements of the due-process clause of the Fourteenth Amendment to the United States Constitution." *S. Alabama Pigs, LLC*, 305 F. Supp. 2d at 1257 (citing *Williams Elec. Co. v. Honeywell, Inc.*, 854 F.2d 389, 391 (11th Cir. 1988)). Alabama's long-arm statute authorizes the exercise of personal jurisdiction to the limits of the United States

---

[4] In their Reply to Plaintiff's Response, Defendants raise a 12(b)(6) failure to state a claim defense for the first time. Doc. 78 at 13-14. The district court has no obligation to consider an argument raised for the first time in the reply brief. *See Tafel v. Lion Antique Invs. & Consulting Servs.*, 459 F.App'x. 847, 849 (11th Cir. 2012). Moreover, by not raising it in the original motion, the 12(b)(6) motion was waived.

Constitution, Ala. R. Civ. P. 4.2(b), so the two requirements are the same in this case, and exercising personal jurisdiction is proper if doing so comports with constitutional due process requirements.

It is well-established that there are a variety of ways parties may give "express or implied consent to the personal jurisdiction of the court." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492 (1982); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14, 105 S.Ct 2174, 85 L.Ed.2d 528 (1985). When a party gives their consent entirely of their own free will, the exercise of personal jurisdiction "does not offend due process." *Id.* Furthermore, a party's consent grants personal jurisdiction "[e]ven where neither the forum state's long-arm statute nor the due process minimum contacts analysis is satisfied[.]" *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (2018). Indeed, 11th Circuit precedent suggests that district courts do not have the authority whatsoever to dismiss an action for lack of personal jurisdiction when a party "fails to raise a defense . . . at the appropriate time[.]" *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1315-18 (11th Cir. 1990) ("Once Cullman had consented to the court's jurisdiction, the court could not then dismiss Pardazi's action on the ground of insufficient service of process."). Therefore, consent to personal jurisdiction eliminates the need to conduct a full due process minimum contacts analysis.

In their *Motion to Set Aside Order Setting Hearing and Consent to Jurisdiction* (Doc. 86), Defendants explicitly consent to personal jurisdiction "as it pertains to the claims asserted in the Amended Complaint." Doc. 86. Consent grants the Court personal jurisdiction over Defendants regardless of either "the forum state's long-arm statute" or "the due process minimum contacts analysis[.]" *Waite*, 901 F.3d at 1312. Accordingly, this Court need not engage in further due process analysis.

## IV.   CONCLUSION

Accordingly, the Court concludes that personal jurisdiction exists over the claims against both Gehrmann and Meridian.

Therefore, it is **ORDERED** that Defendants' motions to dismiss for lack of personal jurisdiction (Docs. 71, 73) are **DENIED**.

**DONE** and **ORDERED** this 29th day of June 2022.

                                                  s/Terry F. Moorer
                                                  TERRY F. MOORER
                                                  UNITED STATES DISTRICT JUDGE